884 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stanford ERSKINE, Plaintiff-Appellant,
v.
UNION CARBIDE CORPORATION, a corporation, Defendant-Appellee.
 No. 88-1366.
 United States Court of Appeals, Fourth Circuit.
 Argued May 11, 1989.
Decided Aug. 28, 1989.
 
 William E. Murray for appellant.
 David Dale Johnson, Jr. (Gene W. Bailey, II, Jackson & Kelly on brief) for appellee.
 Before WILKINS, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and JAMES C. TURK, Chief Judge, United States District Court for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Stanford Erskine appeals from the district court's order granting Union Carbide Corporation's motion for summary judgment. We agree with the district court that Erskine failed to present prima facie evidence of a contract of employment and we affirm.
 
 
 2
 Erskine reported to work at Union Carbide on February 10, 1987 in an unusual condition. His speech was slurred and he was having difficulty walking and standing. Because Erskine was a known diabetic, he was sent to the medical department for tests. His urine test revealed that marijuana was present in his system on February 10 and, as a result, Erskine was fired for violating a company work rule regarding reporting to work under the influence of any drug or other intoxicant.
 
 
 3
 The work rule in question was part of a department policy manual which was provided to supervisors and managers. Erskine admits that he was never given a copy of the manual, never read a copy of it, and never saw any written copy of the work rule. The manual provides that the list of rules is comprehensive, but not all inclusive.
 
 
 4
 Erskine admits that he could be discharged for violating the work rule, but argues that the policy manual created a contract which prevented the company from terminating his employment for a rule violation unless and until there was a judicial determination that the rule was in fact violated.
 
 
 5
 The West Virginia Supreme Court has recognized an exception to the general employment-at-will doctrine where an employee handbook distributed by the employer to its employees contains a definite promise not to discharge an employee except for specific and exclusive causes. Cook v. Heck's, Inc., 342 S.E.2d 453 (W.Va.1986). The West Virginia Supreme Court emphasized the limited nature of its ruling, however, by stating that a contract of employment is not created "merely by the fact that [the employer] has alerted its employees that certain conduct may form the basis for discharge." Id. at 459.
 
 
 6
 The district judge, in granting Union Carbide's motion for summary judgment, explained in a detailed and thorough opinion that Erskine failed to present any evidence which would bring him within the limited Cook exception. The decision is well-supported by the undisputed facts in this case and the law of West Virginia as set forth in Cook. The manual in question was not an employee handbook, but a manual for supervisors and managers designed to provide guidelines for dealing with certain personnel matters. Erskine admits that the manual was not distributed to the employees. There are no definite promises in the manual representing to an employee that he will not be discharged for any reason except those listed; the language is clear that the rules are not exclusive, are subject to change, and may result in discipline up to and including discharge. The manual states specifically that the list of work rules is not an exclusive list of causes for termination.
 
 
 7
 Having found that Erskine had failed to present prima facie evidence of an employment contract, the district court determined the absence of a contract as a matter of law. Erskine argued before the district court and on appeal that the existence of a contract is a question of fact for the jury. This general rule does not apply, however, and the trial court may remove the issue from the jury's consideration where a prima facie case is lacking. Id. at 457. The district court's entry of summary judgment for Union Carbide was proper under Rule 56(c) of the Federal Rules of Civil Procedure where, as here, the plaintiff fails to make a sufficient showing on an essential element of his case on which he has the burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 8
 In accordance with the foregoing, and on the basis of the district court's reasoning, we affirm.
 
 
 9
 AFFIRMED.